DAVIS POLK & WARDWELL LLP
Donald S. Bernstein
Elliot Moskowitz
David B. Toscano
450 Lexington Avenue
New York, New York 10017
Telephone:    (212) 450-4000
Facsimile:    (212) 701-5800

BOIES SCHILLER FLEXNER LLP
Scott E. Gant (admitted *pro hac vice*)
1401 New York Avenue, NW
Washington, DC 20005
Telephone:    (202) 237-2727
Facsimile:    (202) 237-6131

- and -

Damien J. Marshall
575 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-2300
Facsimile:    (212) 446-2350

*Counsel to The Hongkong and Shanghai Banking Corp. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CHINA FISHERY GROUP LIMITED (CAYMAN), *et al.*,<br><br>Debtors. | Case No. 16-11895 (JLG)<br><br>Chapter 11 (Jointly Administered) |
| In re:<br><br>CFG PERU INVESTMENTS PTE. LTD. (SINGAPORE),<br><br>Debtor. | Case No. 16-11914 (JLG)<br><br>Chapter 11 |
| WILLIAM A. BRANDT, JR., AS TRUSTEE OF CFG PERU INVESTMENTS PTE. LTD. (SINGAPORE),<br><br>Plaintiff,<br><br>v.<br><br>THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED,<br><br>Defendant. | Adv. Pro. No. 18-01575-JLG |

**DEFENDANT HSBC-HK'S OPPOSITION TO
THE MOTION OF CHINA FISHERY GROUP LIMITED (CAYMAN)
<u>TO INTERVENE IN THE TRUSTEE'S ADVERSARY PROCEEDING</u>**

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ........................................................................................1

BACKGROUND ...........................................................................................................3

ARGUMENT ................................................................................................................4

I.      CFGL's Motion to Intervene Should Be Denied ..................................................4

        A.      CFGL Does Not Meet the Standards for Intervention Under Rule 24 ...................5

                i.      CFGL Cannot Intervene as of Right Under Rule 24(a) ..............................5

                        a.      CFGL Cannot Intervene Under Rule 24(a)(1) ................................5

                        b.      CFGL Cannot Intervene Under Rule 24(a)(2) ................................7

                ii.     CFGL Cannot Intervene Under Rule 24(a) Because Intervention Would
                        Constitute Impermissible Claim Splitting....................................................9

                iii.    CFGL's Request to Intervene Under Rule 24(b) Should Be Denied.........13

        B.      CFGL's Failure to File a Separate Pleading as Required by Rule 24(c) Is Fatal to
                Its Motion to Intervene...........................................................................................14

II.     In The Event the Court Grants CFGL's Motion to Intervene, CFGL's Participation
        Should Be Limited ............................................................................................15

CONCLUSION....................................................................................................17

## TABLE OF AUTHORITIES

CASES

PAGE(S)

*Abramson v. Pennwood Inv. Corp.*,
  392 F.2d 759 (2d Cir. 1968)...........................................................................................14, 15

*Abramson v. Pennwood Inv. Corp.*,
  1967 WL 90558 (E.D.N.Y. Sept. 27, 1967) ..........................................................................15

*Adams v. Cal. Dep't of Health Servs.*,
  487 F.3d 684 (9th Cir. 2007) ................................................................................................10

*Adelphia Commc'ns Corp. v. Rigas (In re Adelphia Commc'ns Corp.)*,
  285 B.R. 848 (Bankr. S.D.N.Y. 2002) ......................................................................15, 16, 17

*Am. Stock Exchange, LLC v. Mopex, Inc.*,
  215 F.R.D. 87 (S.D.N.Y. 2002) ...............................................................................................9

*Binson v. J.E. Robert Co.*,
  2006 U.S. Dist. LEXIS 101012 (E.D.N.Y. June 27, 2006) ...................................................15

*Boyd v. J.E. Robert Co.*,
  2010 U.S. Dist. LEXIS 140905 (E.D.N.Y. Mar. 31, 2010)....................................................14

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
  250 F.3d 171 (2d Cir. 2001)....................................................................................................8

*CFTC v. Weintraub*,
  471 U.S. 343 (1985).................................................................................................................7

*Commodore Int'l, Ltd. v. Gould (In re Commodore Int'l Ltd.)*,
  262 F.3d 96 (2d Cir. 2001).....................................................................................................16

*Computer Assocs. Int'l., Inc. v. Altai, Inc.*,
  126 F.3d 365 (2d Cir. 1997)...................................................................................................10

*Curtis v. Citibank, N.A.*,
  226 F.3d 133 (2d Cir. 2000)..................................................................................9, 10, 12, 13

*DiGennaro v. Whitehair*,
  2010 WL 4116741 (W.D.N.Y. Oct. 19, 2010) ......................................................................10

*Disability Advocates, Inc. v. New York Coal. for Quality Assisted Living, Inc.*,
   675 F.3d 149 (2d Cir. 2012)............................................................................................8

*In re Downs*,
   205 B.R. 93 (Bankr. N.D. Ohio 1996) ...........................................................................11

*Federated Dep't Stores, Inc. v. Moitie*,
   452 U.S. 394 (1981)........................................................................................................10

*Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*,
   762 F.2d 1283 (5th Cir. 1985) .........................................................................................6

*In re Innkeepers USA Tr.*,
   448 B.R. 131 (Bankr. S.D.N.Y. 2011) .............................................................................6

*In re Ionosphere Clubs, Inc.*,
   101 B.R. 844 (Bankr. S.D.N.Y. 1989) ...........................................................................13

*Johns v. Steege  (In re Nat'l Indus. Chem. Co.)*,
   237 B.R. 437 (Bankr. N.D. Ill. 1999) ............................................................................11

*Kanciper v. Suffolk Cty. Soc'y for the Prevention of Cruelty to Animals, Inc.*,
   722 F.3d 88 (2d Cir. 2013)...........................................................................................2, 9

*Kimber v. GMAC Mortg., LLC  (In re Residential Capital, LLC)*,
   489 B.R. 489 (Bankr. S.D.N.Y. 2013) .....................................................................10, 11

*LFD Operating, Inc. v. Gen. Elec. Capital Corp.  (In re Ames Dep't Stores, Inc.)*,
   2006 WL 2400107 (Bankr. S.D.N.Y. June 6, 2006)......................................................11

*Nat. Res. Def. Council v. New York State Dep't of Envtl. Conservation*,
   834 F.2d 60 (2d Cir. 1987)...............................................................................................8

*Barr v. Overmyer (In re Overmyer)*,
   121 B.R. 272 (Bankr. S.D.N.Y. 1990) ...........................................................................11

*Petitioning Creditors of Melon Produce, Inc. v. Braunstein*,
   112 F.3d 1232 (1st Cir. 1997) ........................................................................................11

*Pike v. Freeman*,
   266 F.3d 78 (2d Cir. 2001)...............................................................................................9

*Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*,
   700 F.2d 889 (2d Cir. 1983)..............................................................................................8

*In re Red Dot Scenic, Inc.*,
  313 B.R. 181 (Bankr. S.D.N.Y. 2004) ...................................................................11

*Richman v. First Woman's Bank  (In re Richman)*,
  104 F.3d 654 (4th Cir. 1997) ...............................................................................6

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
  550 B.R. 241 (Bankr. S.D.N.Y. 2016) ...................................................5, 7, 8, 13

*Shore v. Parklane Hosiery Co.*,
  606 F.2d 354 (2d Cir. 1979)..................................................................................16

*Smart World Techs., LLC v. Juno Online Servs., Inc.* (*In re Smart World Techs., LLC*),
  423 F.3d 166 (2d Cir. 2005)..................................................................................16

*Unsecured Creditors Comm. of Debtor STN Enters., Inc. v. Noyes (In re STN Enters.)*,
  779 F.2d 901 (2d Cir. 1985)..................................................................................16

*In re Stoecker*,
  1992 WL 132566 (Bankr. N.D. Ill. May 26, 1992) ..............................................11

*Sure-Snap Corp. v. State St. Bank & Tr. Co.*,
  948 F.2d 869 (2d Cir. 1991)..................................................................................10

*Savage & Assocs., P.C. v. K & L Gates LLP (In re Teligent, Inc.)*,
  640 F.3d 53 (2d Cir. 2011)......................................................................................6

*Term Loan Holder Comm. v. Ozer Group, LLC  (In re Caldor Corp.)*,
  303 F.3d 161 (2d Cir. 2002)................................................................................5, 6

*United States v. L & M 93rd St. LLC*,
  2011 WL 1346994 (S.D.N.Y. Apr. 5, 2011).........................................................15

*United States v. Outboard Marine Corp.*,
  104 F.R.D. 405 (N.D. Ill. 1984)............................................................................13

*Vermejo Park Corp. v. Kaiser Coal Corp.* (*In re Kaiser Steel Corp.*),
  998 F.2d 783 (10th Cir. 1993) ................................................................................6

*Waldman v. Vill. of Kiryas Joel*,
  207 F.3d 105 (2d Cir. 2000)..................................................................................10

<u>STATUTES & RULES</u>

11 U.S.C. § 1109(b) ............................................................................................................5, 6, 7, 16

Fed. R. Bankr. P. 7024 .............................................................................................................5

Fed. R. Civ. P. 24 ...................................................................................................................5

Fed. R. Civ. P. 24(a) .........................................................................................................15, 16

Fed. R. Civ. P. 24(a) advisory committee's note to 1966 amendment ..........................................16

Fed. R. Civ. P. 24(a)(1).....................................................................................................2, 5, 6

Fed. R. Civ. P. 24(a)(2).....................................................................................................2, 5, 7

Fed. R. Civ. P. 24(b) ..................................................................................................5, 13, 14, 15

Fed. R. Civ. P. 24(c) .....................................................................................................7, 14, 15

<u>OTHER AUTHORITIES</u>

6 Moore's Fed. Prac. (3d ed.) § 24.20 .........................................................................................14

Restatement (2d) of the Law of Judgments § 24 .........................................................................10

The Hongkong and Shanghai Banking Corporation Limited ("**HSBC-HK**"), by and through its counsel, respectfully submits this memorandum of law in opposition to the motion ("**Motion**" or "**Mot.**") of China Fishery Group Limited (Cayman) ("**CFGL**") to intervene in this adversary proceeding,[1] which was initiated by William A. Brandt, Jr., the chapter 11 Trustee (the "**Trustee**") for CFG Peru Investments Pte. Ltd. (Singapore) ("**CFG Peru**"), through a complaint dated June 29, 2018 (Adv. Pro. No. 18-01575-JLG, ECF No. 1).[2]

## PRELIMINARY STATEMENT

1.      There is no basis to allow CFGL to intervene in the Trustee's adversary proceeding.  As a threshold matter, the Motion fails to mention that CFGL has already commenced an adversary proceeding against HSBC-HK before this Court based on the same series of transactions that underlie the Trustee's adversary proceeding.  CFGL did not include the Trustee's claims in its earlier complaint, which it filed on the same day the Trustee filed his complaint in this proceeding.  Nor has CFGL sought leave to amend its complaint to add any claims.

---

[1] HSBC-HK submits this memorandum of law subject to, and without waiving, its objections to this Court's personal jurisdiction over it, including HSBC-HK's personal jurisdiction defense to the Trustee's complaint in this adversary proceeding, which HSBC-HK will establish in its forthcoming motion to dismiss the Trustee's complaint.

[2] The Debtors in these chapter 11 cases are as follows: China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru Investments Pte. Limited (Singapore), Smart Group Limited (Cayman), Super Investment Limited (Cayman), Pacific Andes Resources Development Limited (Bermuda), Nouvelle Foods International Ltd. (BVI), Golden Target Pacific Limited (BVI), Pacific Andes International Holdings (BVI) Limited, Zhonggang Fisheries Limited (BVI), Admired Agents Limited (BVI), Chiksano Management Limited (BVI), Clamford Holding Limited (BVI), Excel Concept Limited (BVI), Gain Star Management Limited (BVI), Grand Success Investment (Singapore) Private Limited, Hill Cosmos International Limited (BVI), Loyal Mark Holdings Limited (BVI), Metro Island International Limited (BVI), Mission Excel International Limited (BVI), Natprop Investments Limited, Pioneer Logistics Limited (BVI), Sea Capital International Limited (BVI), Shine Bright Management Limited (BVI), Superb Choice International Limited (BVI), and Toyama Holdings Limited (BVI) (collectively, the "**Debtors**").

1

2.      Instead, CFGL seeks to intervene in this separate proceeding to "adopt" the Trustee's claims.  But CFGL makes no attempt to explain how intervening in the Trustee's adversary proceeding makes any sense against the backdrop of its own separate adversary proceeding.  In fact, permitting CFGL to intervene in this proceeding would create unnecessary complication, inefficiency, and duplication of effort for HSBC-HK, while producing no benefit for CFGL or the Trustee.

3.      Moreover, CFGL fails to assert a valid statutory basis to permit this maneuver. CFGL claims a right to intervene under Rule 24(a)(1) as a "party in interest," but it lacks the requisite "direct" interest in the outcome of the proceeding.  CFGL also cites Rule 24(a)(2), arguing that the outcome of the Trustee's adversary proceeding will affect CFGL's ability to recover against HSBC-HK.  CFGL has it exactly backwards.  By splitting its claims against HSBC-HK into two separate adversary proceedings, CFGL runs the risk that a judgment in one proceeding would bar all of its claims in the other proceeding.

4.      Indeed, such claim splitting is an independent ground for denying the Motion.  It is well established that a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same [federal] court and against the same defendant." *Kanciper v. Suffolk Cty. Soc'y for the Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88, 92 (2d Cir. 2013) (quotations omitted).

5.      Furthermore, CFGL has not argued—much less met its heavy burden of demonstrating—that CFGL is entitled to the derivative standing necessary for CFGL to assert CFG Peru's claims against HSBC-HK.

6.      Accordingly, the Motion should be denied.  If the Court were to allow CFGL to intervene, then the Court should impose limitations on the scope of CFGL's intervention, as other courts in this jurisdiction have done when permitting intervention.

## BACKGROUND

7.      CFGL and its indirect, wholly owned subsidiary, CFG Peru, are holding companies within the Pacific Andes Group (the "**Group**"), an international network of fishing companies based in Asia.  [Order Appointing Trustee, No. 16-11895, ECF No. 203 at 3, 9.]  In March 2014, HSBC-HK and a consortium of fellow lenders (the "**Club Lenders**") extended a $650 million unsecured term loan (the "**Club Facility**") to three Group entities (the "**Club Borrowers**").  [Complaint, Adv. Pro. No. 18-01575, ECF No. 1 ("**Compl.**"), ¶ 32; ECF No. 203, at 11-12.]  The Group began to experience liquidity problems soon after the closing of the Club Facility, and although the Club Lenders granted eight separate waivers, the Club Borrowers remained unable to meet payment obligations as they came due.  [*See* ECF No. 203, at 15-21.]

8.      On June 30, 2016, several shell companies and other non-operating entities within the Group (the "**Debtors**"), including CFGL and CFG Peru, filed voluntary petitions with the United States Bankruptcy Court for the Southern District of New York (the "**Court**") for relief under chapter 11 of the Bankruptcy Code.  [*Id.* at 32, 50.]

9.      On June 29, 2018, the Trustee filed the complaint in this adversary proceeding, asserting claims under Hong Kong, Peruvian, and U.S. law.  [Compl.]  The Trustee's complaint also alleges that HSBC-HK secured the repayment of several bilateral facilities from various Group entities at the end of 2014 [*id.* at 11]; and that HSBC-HK commenced *ex parte* winding-up proceedings before the High Court of the Hong Kong Special Administrative Region (the "**Hong Kong Court**") on November 25, 2015, and sought the appointment of joint provisional

3

liquidators ("**JPLs**") over two Group entities, including CFGL.  [*Id.* at ¶ 45.]  The Trustee's

claims in this adversary proceeding relate to the Club Facility, payments made to HSBC-HK, and

the JPL proceedings.

10.     On June 29, 2018—the same day that the Trustee filed his complaint in this

adversary proceeding—CFGL and several other Debtors filed their own complaint against

HSBC-HK [Adv. Pro. No. 18-01576 (the "**Debtors' Complaint**")], in which they seek to avoid

"all of the transfers of an interest in any of [CFGL and co-plaintiffs'] property made . . . to

[HSBC-HK] . . . ."  [Debtors' Complaint ¶ 29.]  The Debtors also "reserve[d] their rights" to add

any "additional causes of action . . . that may become known to [Debtors] at any time during the

pendency of this adversary proceeding, through formal discovery or otherwise . . . ."  [*Id.* at

¶ 31.]  Instead of seeking to amend the Debtors' Complaint to add such claims, CFGL filed this

Motion to intervene in the Trustee's adversary proceeding on October 2, 2018.

## ARGUMENT

## I.     CFGL's Motion to Intervene Should Be Denied

11.     CFGL is a plaintiff in a separate adversary proceeding against HSBC-HK, which

it filed on the same day that the Trustee filed this adversary proceeding.  Thus, if CFGL's request

to intervene were granted, CFGL would be proceeding against HSBC-HK in two separate actions

in the same court based upon the same underlying series of transactions.  Yet the Motion to

intervene does not even mention CFGL's separate adversary proceeding, much less provide a

valid statutory basis that would allow it to proceed in this manner rather than seek to amend its

own pending complaint.

A.    *CFGL Does Not Meet the Standards for Intervention Under Rule 24*

12.    The requirements for intervention are set forth in Rule 24 of the Federal Rules of Civil Procedure ("**Fed R. Civ. P.**"), which applies to bankruptcy proceedings pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure ("**Fed. R. Bankr. P.**").  *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 550 B.R. 241, 247 (Bankr. S.D.N.Y. 2016) ("***Madoff***").  A party is permitted to intervene as of right if it satisfies the requirements set forth in Rule 24(a)(1) or Rule 24(a)(2).  Alternatively, the Court has discretion to grant permissive intervention to a party that satisfies the requirements set forth in Rule 24(b).  CFGL fails to satisfy any of these requirements and is not entitled to intervene in this proceeding as a matter of right or permissively.

i.    <u>CFGL Cannot Intervene as of Right Under Rule 24(a)</u>

a.    CFGL Cannot Intervene Under Rule 24(a)(1)

13.    Rule 24(a)(1) permits a party to intervene as of right where the party is given an "unconditional right to intervene by a federal statute."  Fed. R. Civ. P. 24.  Relying on the Second Circuit's decision in *Term Loan Holder Committee v. Ozer Group, LLC (In re Caldor Corp.)*, 303 F.3d 161 (2d Cir. 2002), CFGL argues that § 1109(b) of the Bankruptcy Code grants it, as a "party in interest," an unconditional right to intervene.  [Mot. ¶¶ 32-37.]

14.    The circumstances that were present in *Caldor* are not present here, so *Caldor* does not dictate that CFGL be permitted to intervene.  In *Caldor*, the proposed intervenors were secured creditors, and thus fell within a category of "party in interest" expressly enumerated in § 1109(b).  Further, the *Caldor* motion for intervention was supported by the debtor-in-possession, whose interests did not precisely align with the third-party liquidators opposing their intervention.  *See Caldor*, 303 F.3d at 163-64.

5

15.     As CFGL concedes, "party in interest" is an "elastic" term that gives the Court

discretion to determine which entities fit within it beyond the categories enumerated in

§ 1109(b).  [*See* Mot. ¶ 36.]  Significantly, CFGL neither asserts nor argues that it fits within any

of § 1109's enumerated categories.  [*See id.* at ¶¶ 36-37.]  As a result, CFGL asks this Court to

read an expansive view of § 1109(b).  The Second Circuit has explained, however, that "party in

interest" generally targets persons with a "direct" interest in the outcome of the case, and thus the

term's reach must be determined on an "ad hoc" and case-specific basis.  *Savage & Assocs., P.C.*

*v. K & L Gates LLP (In re Teligent, Inc.)*, 640 F.3d 53, 60-61 (2d Cir. 2011) (citations and

quotations omitted); *see also, e.g.*, *In re Innkeepers USA Tr.*, 448 B.R. 131, 141 (Bankr.

S.D.N.Y. 2011) ("Courts in this District, while generally interpreting section 1109(b) broadly,

have limited 'party in interest' standing where a party's interest in the proceeding is not a direct

one.").  Here, CFGL does not claim *any* direct interest in the outcome of this adversary

proceeding, and instead claims only an "indirect" ownership interest in CFG Peru.  [Mot. ¶¶ 2,

10, 28, 37.]

16.     Even if CFGL were a "party in interest," there is a split among the federal courts

of appeals as to whether § 1109(b) of the Bankruptcy Code grants parties in interest an

"unconditional right to intervene" for the purposes of Rule 24(a)(1), with several courts holding

that § 1109(b) grants no such unconditional right.  *See, e.g.*, *Fuel Oil Supply & Terminaling v.*

*Gulf Oil Corp.*, 762 F.2d 1283, 1287-88 (5th Cir. 1985); *see also Richman v. First Woman's*

*Bank (In re Richman)*, 104 F.3d 654, 658 (4th Cir. 1997) (reasoning that § 1109(b) does not

grant an unconditional right to intervene); *Vermejo Park Corp. v. Kaiser Coal Corp. (In re*

*Kaiser Steel Corp.)*, 998 F.2d 783, 790 (10th Cir. 1993) (same).  HSBC-HK respectfully submits

6

that the facts in *Caldor* are inapposite to the facts presented here and that CFGL may not

intervene as of right under § 1109(b).[3]

b.      CFGL Cannot Intervene Under Rule 24(a)(2)

17.     CFGL contends, in the alternative, that it can intervene as of right pursuant to

Rule 24(a)(2).  To intervene under Rule 24(a)(2), an applicant must (1) file a timely application,

(2) demonstrate an interest relating to the property or transaction that is the subject matter of the

action, (3) demonstrate that its ability to protect that interest may be impeded or impaired by the

disposition of the action, *and* (4) show that its interest is not protected adequately by the parties

to the action.  *Madoff*, 550 B.R. at 247-48.

18.     In addition to reiterating that it has an indirect ownership interest in CFG Peru,

CFGL insists that the Trustee does not "adequately" represent its interests because "the Trustee

represents only CFG Peru."  [Mot. ¶ 46.]  Thus, CFGL argues that, "[f]or example, to the extent

the Trustee is successful in selling the Peruvian operations, resulting in repayment of all

outstanding indebtedness of CFG Peru, then he may be less incentivized to proceed with the

Adversary Proceedings, resulting in potential loss to CFGL and its creditors."  [*Id.*]

19.     However, as with any course of conduct the Trustee pursues, the Trustee has "the

duty to maximize the value of the estate," and his fiduciary duty "runs to shareholders as well as

to creditors."  *CFTC v. Weintraub*, 471 U.S. 343, 352 & 355 (1985).  As this Court explained in

ordering the appointment of a trustee for CFG Peru, "[i]t will be incumbent upon the appointed

trustee, in furtherance of his or her fiduciary duties, without limitation, to assess the highest and

best use of [CFG Peru's] assets in the context of the resolution of these Chapter 11 cases and the

---

[3] In addition, as discussed in sections I.A.ii and I.B, *infra*, CFGL's Motion to intervene cannot succeed
because it is attempting to engage in improper claim splitting and has failed to file an independent pleading as
required by Rule 24(c).

7

means for the Debtors to realize maximum benefits from those assets." [ECF No. 203 at 50-51.]

Thus, the Trustee, as a matter of law, shares CFGL's goal of maximizing any available recovery

on behalf of CFG Peru.[4]

20.    Where, as here, "the putative intervenor and a named party have the same

ultimate objective," the Second Circuit imposes a presumption of adequacy of representation.

*Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179-80 (2d Cir. 2001).  "To rebut the

presumption, the movant **must** provide evidence of collusion, adversity of interest, nonfeasance

or incompetence." *Madoff*, 550 B.R. at 254 (emphasis added).  CFGL has not even attempted to

provide evidence to overcome this presumption.  Moreover, "[s]o long as the party has

demonstrated sufficient motivation to litigate vigorously and to present all colorable contentions,

a district judge does not exceed the bounds of discretion by concluding that the interests of the

intervenor are adequately represented."  *Nat. Res. Def. Council, Inc. v. New York State Dep't of

Envtl. Conservation*, 834 F.2d 60, 62 (2d Cir. 1987).  There can be no dispute that the Trustee

has consistently demonstrated his intent to litigate vigorously, further amplifying CFGL's

inability to overcome its hurdle to intervention.

21.    CFGL also argues, without elaboration, that if it is not permitted to intervene, the

Court's rulings in the Trustee's case "may" estop CFGL and somehow "limi[t] CFGL's ability to

recover damages due to HSBC's actions in this case."  [Mot. ¶ 45.]  If CFGL is concerned about

the collateral effects of this adversary proceeding, it should be more alarmed that by splitting its

---

[4] HSBC-HK does not concede that the claims in the Trustee's complaint are viable or that the Trustee has standing to bring them.  Moreover, CFGL's intervention could not, as a matter of law, cure defects in the Trustee's standing.  *Disability Advocates, Inc. v. New York Coal. for Quality Assisted Living, Inc.*, 675 F.3d 149, 160 (2d Cir. 2012) ("[W]here a cause of action has not accrued to the party who undertook to bring the suit originally intervention cannot cure the vice in the original suit.") (alterations, quotations omitted); *see also Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893-94 (2d Cir. 1983) (denying joinder of additional plaintiffs where original plaintiff lacked statutory standing under ERISA to bring fraud claim against financial managers).

8

claims between its own adversary proceeding and the Trustee's adversary proceeding, CFGL

would ensure that a judgment in one proceeding would bar all of its claims in the other

proceeding—as explained in the following section.

ii.    CFGL Cannot Intervene Under Rule 24(a) Because Intervention Would
       Constitute Impermissible Claim Splitting

22.    In addition, intervention should be denied because CFGL is attempting to split its

claims against HSBC-HK.  CFGL already has a separate adversary proceeding pending in this

Court against HSBC-HK based on the same underlying series of transactions—an action that

CFGL does not even mention in its Motion.  Under the doctrine against claim splitting, CFGL is

prohibited from proceeding in these actions separately against HSBC-HK.

23.    It is well established that "a party must bring in one action all legal theories

arising out of the same transaction or series of transactions."  *Am. Stock Exchange, LLC v.

Mopex, Inc.*, 215 F.R.D. 87, 91 (S.D.N.Y. 2002) (citing *Pike v. Freeman*, 266 F.3d 78, 91 (2d

Cir. 2001)).  Plaintiffs "have no right to maintain two separate actions involving the same subject

matter at the same time in the same [federal] court and against the same defendant[,]" and district

courts may dismiss duplicative suits to "manage their docket and dispense with duplicative

litigation."  *Kanciper v. Suffolk Cty. Soc'y for the Prevention of Cruelty to Animals*, 722 F.3d 88,

92 (2d Cir. 2013) (quotations omitted); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d

Cir. 2000) (noting that dismissals of duplicative litigation "foster judicial economy" while

avoiding the "vexation of concurrent litigation") (citations and quotations omitted).

24.    Courts apply the principles of claim preclusion to determine whether a party has

engaged in claim splitting.  *Curtis*, 226 F.3d at 139-140 ("[When] the plaintiff subsequently

brings [related claims] as a separate lawsuit," then "the normal claim preclusion analysis applies

and the court must assess whether the second suit raises issues that should have been brought in

9

the first."); *see also DiGennaro v. Whitehair*, 2010 WL 4116741, at *2 (W.D.N.Y. Oct. 19,

2010) ("'To determine whether a suit is duplicative, we borrow from the test for claim

preclusion.'") (quoting *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007)),

*aff'd*, 467 F. App'x 42 (2d Cir. 2012).

25.     Second Circuit cases "consistently hold that the facts essential to the barred

second suit need not be the same as the facts that were necessary to the first suit.  It is instead

enough that 'the facts *essential to the second* were [already] present in the first.'"  *Waldman v.*

*Vill. of Kiryas Joel*, 207 F.3d 105, 110-11 (2d Cir. 2000) (alteration in original) (quoting

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 369 (2d Cir. 1997)); *Sure-Snap Corp. v.*

*State St. Bank & Tr. Co.*, 948 F.2d 869, 875 (2d Cir. 1991) (finding that a claim for tortious

infliction of emotional distress against creditors should have been brought as part of a prior

bankruptcy proceeding and was therefore barred by *res judicata*).  For claim splitting purposes,

the question is not whether the claims were actually raised in the first action, but rather whether

the claims "'*could* have been raised in that action.'"  *Curtis*, 226 F.3d at 139 (quoting *Federated*

*Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)) (emphasis added); *see also id.* at 140

(holding that plaintiffs were barred from pressing claims that "would have been heard" in the

prior action "[i]f plaintiffs had timely raised those allegations"); Restatement (2d) of the Law of

Judgments § 24 ("[Claims splitting applies to] all rights of the plaintiff to remedies against the

defendant with respect to all or any part of the transaction, or series of connected transactions,

out of which the [first] action arose.").

26.     In the bankruptcy context, a party may not bring concurrent adversary

proceedings against the same defendant provided there was an opportunity in the first suit to

litigate the claim in question.  *E.g.*, *Kimber v. GMAC Mortg., LLC (In re Residential Capital,*

*LLC)*, 489 B.R. 489, 495 (Bankr. S.D.N.Y. 2013) (barring borrowers' avoidance and other

claims in chapter 11 adversary proceeding for *res judicata*, based on prior adversary proceeding

brought by borrowers in their own Chapter 13 case); *LFD Operating, Inc. v. Gen. Elec. Capital

Corp. (In re Ames Dep't Stores, Inc.)*, 2006 WL 2400107, at *18 (Bankr. S.D.N.Y. June 6, 2006)

(dismissing adversary proceeding because the issues were "identical to and dependent upon the

issues already raised and decided" in a prior adversary proceeding), *aff'd*, 2008 WL 7542200

(S.D.N.Y. June 4, 2008), *aff'd*, 319 F. App'x 40 (2d Cir. 2009); *Johns v. Steege* (*In re Nat'l

Indus. Chem. Co.*), 237 B.R. 437, 441 (Bankr. N.D. Ill. 1999); *In re Stoecker*, 1992 WL 132566,

at *9 (Bankr. N.D. Ill. May 26, 1992) (holding that trustee engaged in "proscribed 'claim

splitting'" by failing to bring claim objection in prior adversary proceeding against same

defendant), *aff'd in part, vacated in part on other grounds*, 143 B.R. 879 (N.D. Ill. 1992).

Similarly, when a party could have raised a claim—even a claim sounding in contract or tort—in

a prior fraudulent transfer action, bankruptcy courts have regularly held that *res judicata*

principles preclude a subsequent action on the claim. *E.g.*, *Petitioning Creditors of Melon

Produce, Inc. v. Braunstein*, 112 F.3d 1232, 1240-41 (1st Cir. 1997) (finding that fraudulent

transfer proceeding barred subsequent action for equitable subordination); *In re Red Dot Scenic,

Inc.*, 313 B.R. 181, 188 (Bankr. S.D.N.Y. 2004) (barring claims objection when theories "clearly

could have been offered in [prior] fraudulent transfer adversary proceeding[.]"); *In re Downs*,

205 B.R. 93, 95 (Bankr. N.D. Ohio 1996) (finding that settlement agreement in prior fraudulent

transfer action barred subsequent objection to settling debtor's tax exemption claim); *Barr v.

Overmyer (In re Overmyer)*, 121 B.R. 272, 280-85 (Bankr. S.D.N.Y. 1990) (applying collateral

estoppel principles to bar debtor from relitigating in discharge adversary proceeding the finding

that it participated in filing a false proof of claim from a prior adversary proceeding).

27.     Here, CFGL is seeking to intervene in the Trustee's action, even though it filed its own complaint based on the same underlying series of transactions against the same defendant on the same day before this Court.  CFGL neglects to mention that on June 29, 2018, CFGL and associated entities filed a separate adversary proceeding against HSBC-HK.  That complaint seeks the return of "*all* of the transfers of an interest in any of [CFGL and co-plaintiffs'] property made . . . to [HSBC-HK.]"  [Debtors' Complaint ¶ 29 (emphasis added).]  In turn, the Trustee's complaint—which CFGL seeks to "adopt"—alleges that CFGL and other entities within the Pacific Andes Group made payments to HSBC-HK as a result of HSBC-HK's allegedly improper activities.  [*See, e.g.*, Compl. ¶ 39 (describing "HSBC Paydown").]  Further, in the Debtors' Complaint, CFGL expresses an intention to bring any and all claims it may have against HSBC-HK in that proceeding.  [Debtors' Complaint ¶ 31 (expressing an intention to bring any "additional causes of action . . . that may become known to Plaintiffs at any time during the pendency of this adversary proceeding[.]").]  CFGL may not now intervene in the Trustee's action and raise claims that plainly could have been brought in its own pending complaint.

28.     Moreover, HSBC-HK contemplates that several of the bases for dismissal of the Debtors' pending complaint will apply with equal force to the claims CFGL seeks to "adopt" in the Trustee's adversary proceeding.  By way of example only, HSBC-HK will argue that the Court lacks personal jurisdiction over HSBC-HK and that this Court is not the proper forum in which to litigate disputes concerning the Club Facility.  HSBC-HK should not be forced to litigate the same issues with the same party in two separate proceedings.

29.     CFGL's attempt to improperly split its claims between the Debtors' Complaint and this proceeding warrants denial of its Motion.  *Cf. Curtis*, 226 F.3d at 138-39 ("[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to

maintain two actions on the same subject in the same court, against the same defendant at the

same time.").  CFGL may not avoid this obstacle to intervention unless it dismisses its separate

action against HSBC-HK.  *See United States v. Outboard Marine Corp.*, 104 F.R.D. 405, 414

(N.D. Ill. 1984) (noting dismissal of separate action brought by the State of Illinois against

defendant after the state intervened in an action brought by the federal government), *aff'd*, 789

F.2d 497 (7th Cir. 1986).

          iii.    CFGL's Request to Intervene Under Rule 24(b) Should Be Denied

30.    CFGL asks in the alternative that this Court grant it permissive intervention in this

action.  [Mot. ¶¶ 48-50.]  Rule 24(b) provides that, upon timely motion, "the court *may* permit

anyone to intervene who . . . has a claim or defense that shares with the main action a common

question of law or fact."  Fed. R. Civ. P. 24(b) (emphasis added).  "A court's application of

Federal Rule 24(b) is discretionary—*i.e.*, the court may use its own discretion in determining

whether permissive intervention is appropriate for a specific party."  *In re Ionosphere Clubs,*

*Inc.*, 101 B.R. 844, 853-54 (Bankr. S.D.N.Y. 1989).  "[T]he extent to which permissive

intervention will be permitted is limited and should not be given if (1) the intervenor's interests

are already adequately represented and (2) intervention would result in undue delay or prejudice

to the original parties."  *Id.* at 853 (quotations omitted).  "In exercising its discretion, the Court

may consider additional relevant factors, including the nature and extent of the intervenors'

interests, . . . and whether parties seeking intervention will significantly contribute to [the] full

development of the underlying factual issues in the suit . . . ."  *Madoff*, 550 B.R. at 255 (citations

and quotations omitted) (alterations in original).

31.    Permitting CFGL to intervene in this proceeding would create unnecessary

complication, inefficiency, and duplication of effort for HSBC-HK, while producing no benefit

for CFGL or the Trustee.  As noted above, several defenses HSBC-HK will assert in response to

the pending adversary proceeding will have to be asserted in the second adversary proceeding as

well.  CFGL may seek to assert new claims in its original action, but HSBC-HK should not be

forced to litigate the same defenses in two parallel proceedings against the same party.

Intervention pursuant to Rule 24(b) is therefore inappropriate in this case.

B.     *CFGL's Failure to File a Separate Pleading as Required by Rule 24(c) Is Fatal to
Its Motion to Intervene*

32.     CFGL's Motion should also be denied because CFGL has failed to include a

proposed pleading with its Motion, in violation of Rule 24(c).  As CFGL acknowledges [Mot.

¶ 51], Rule 24(c) unambiguously requires that a motion to intervene "must . . . be accompanied

by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P.

24(c).  This requirement puts the existing parties and the Court on notice of the nature of the

intervenor's claims and any basis for them.  *See* 6 Moore's Federal Practice (3d ed.) § 24.20

("[A] district court will be unable to evaluate a motion to intervene, and the existing parties will

be unable to make a meaningful response to the motion, unless they know exactly what claims or

defenses the movant proposes to bring to the lawsuit.  A proposed pleading is, therefore, an

essential part of the motion."); *see also Boyd v. J.E. Robert Co.*, 2010 U.S. Dist. LEXIS 140905,

at **47-48 (E.D.N.Y. Mar. 31, 2010) (noting that Rule 24(c) requires a separate pleading; citing

Moore's § 24.20); Moore's § 24.20 ("Rule 24(c) unambiguously requires [a complaint] for a

motion to intervene [and] [t]he court should have little or no discretion to ignore these

requirements.").

33.     Further, the leading Second Circuit case on this issue holds that a "[movant's]

reference in his motion papers to the allegations of the original complaint [is] insufficient to

comply with the requirement of Rule 24(c)."  *Abramson v. Pennwood Inv. Corp.*, 392 F.2d 759,

761 (2d Cir. 1968) (agreeing with lower court's finding that failure to file a pleading along with motion papers was "fatal" to a motion to intervene); *see also Abramson v. Pennwood Inv. Corp.*, 1967 WL 90558, at *2 (E.D.N.Y. Sept. 27, 1967) (lower court decision) ("[T]he statement that the movant wishes to set forth the claim of the original complaint . . . is [not] sufficient [for the purposes of Rule 24(c)]."); *United States v. L & M 93rd St. LLC*, 2011 WL 1346994, at *2 (S.D.N.Y. Apr. 5, 2011) (stating that failure to submit a pleading that sets out the claim or defense for which intervention is sought "alone warrants denial of the motion to intervene under both Rule 24(a) and (b)" (quotations omitted)); *Binson v. J.E. Robert Co.*, 2006 U.S. Dist. LEXIS 101012, at *34 (E.D.N.Y. June 27, 2006) ("[A]s a general matter, an intervenor cannot simply rely on the pleadings previously filed by another party.").  As CFGL has failed to comply with Rule 24(c)'s unambiguous requirements and has offered no excuse for its failure to do so, the Court should deny CFGL's Motion.[5]

## II.   In The Event the Court Grants CFGL's Motion to Intervene, CFGL's Participation Should Be Limited

34.     In the alternative, if the Court grants CFGL's Motion to intervene and if CFGL is permitted to continue its separate action against HSBC-HK, the Court should impose limitations on CFGL's participation in this action.  After *Caldor*, courts in the Second Circuit have limited the role of intervenors, particularly where the intervenors would have to obtain derivative standing to bring the claims themselves.  In *Adelphia Communications Corp. v. Rigas (In re Adelphia Communications Corp.)*, the bankruptcy court noted that "it does not necessarily follow

---

[5] If intervention is granted, any cause(s) of action CFGL seeks to assert in this proceeding—either by "adopting" the Trustee's complaint or in its own pleading—should be treated as asserted no earlier than the date CFGL filed the Motion.  CFGL did not include the Trustee's causes of action in its own complaint and waited three months to seek intervention.  There is no basis to allow CFGL to use Rule 24 as an end-run around any statute of limitations deficiencies with its own claims.

that once having intervened, intervenors [under *Caldor*] have the right to litigate as the possessors of causes of action do, or to act wholly free of any limitations imposed by the Court in the interests of orderly procedure."  285 B.R. 848, 851 (Bankr. S.D.N.Y. 2002); *see also Smart World Techs., LLC v. Juno Online Servs., Inc. (In re Smart World Techs., LLC)*, 423 F.3d 166, 183 (2d Cir. 2005) (adopting the *Adelphia* court's reasoning and imposing limits on § 1109(b) intervenors).  If CFGL intends to "adopt" the Trustee's claims, it must either obtain consent or demonstrate an unjustifiable failure on the part of the Trustee.  *Smart World*, 423 F.3d at 176 & n.15 (citing *Unsecured Creditors Comm. of Debtor STN Enters., Inc. v. Noyes (In re STN Enters.)*, 779 F.2d 901, 904 (2d Cir. 1985); *Commodore Int'l, Ltd. v. Gould (In re Commodore Int'l Ltd.)*, 262 F.3d 96, 100 (2d Cir. 2001)).  CFGL has not obtained consent or even attempted to make the showing required under *Smart World*, so limitations on CFGL's participation under *Caldor* are warranted.

35.     Courts in the Second Circuit have also found it appropriate to impose conditions on intervenors more generally to ensure the efficient and orderly conduct of proceedings.  *See, e.g.*, *Shore v. Parklane Hosiery Co.*, 606 F.2d 354, 356 (2d Cir. 1979) (noting that it is "well-established practice" to impose conditions or restrictions on intervenors under Rule 24(a)); *Adelphia*, 285 B.R. at 856-58 ("[A]fter intervention generally, courts have the power to control the proceedings before them to keep the litigation orderly . . ."); Fed. R. Civ. P. 24(a) advisory committee's note to 1966 amendment ("[A]n intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.").

36.     As in *Adelphia* and *Smart World*, CFGL's intervention in this case pursuant to § 1109(b) should not allow it to evade the Second Circuit's derivative standing requirements,

16

which it has not otherwise met.  CFGL's intervention is also likely to cause inconvenience or

delay if certain prudential limits on its actions as an intervenor are not imposed.  Consequently, if

CFGL is permitted to intervene in this matter, and is not required to file a separate complaint, its

participation should be limited to "monitor[ing] the proceedings" at this time.  *See Adelphia*, 285

B.R. at 851.

## CONCLUSION

37.    For the reasons set forth above, HSBC-HK respectfully requests that the Court

deny CFGL's Motion to intervene in this proceeding, or in the alternative, impose limitations on

the scope of any right to intervene.

Dated:   New York, New York
         December 5, 2018

DAVIS POLK & WARDWELL LLP

By:    /s/ *Elliot Moskowitz*
Donald S. Bernstein
Elliot Moskowitz
David B. Toscano
450 Lexington Avenue
New York, New York 10017
Telephone:    (212) 450-4000

BOIES SCHILLER FLEXNER LLP

By:    /s/ *Scott E. Gant*
Scott E. Gant (admitted *pro hac vice*)
1401 New York Avenue, NW
Washington, DC 20005
Telephone:    (202) 237-2727

- and -

Damien J. Marshall
575 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-2300

*Counsel to The Hongkong and Shanghai Banking Corp. Ltd.*

17