James C. Tecce
William Pugh
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
  51 Madison Avenue, 22nd Floor
  New York, NY 10010

*Counsel for William A. Brandt, Jr., as*
*Trustee of CFG Peru Investments Pte. Ltd. (Singapore)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
In re:                                                        :  Case No. 16-11895 (JLG)
                                                              :
CHINA FISHERY GROUP LIMITED                                   :  Chapter 11 (Jointly Administered)
(CAYMAN), et al.,                                             :
                                                              :
                                                              :
            Debtors.                                          :
------------------------------------------------------------- x
In re:                                                        :  Case No. 16-11914 (JLG)
                                                              :
CFG PERU INVESTMENTS PTE. LTD.                                :  Chapter 11
(SINGAPORE),                                                  :
                                                              :
            Debtor.                                           :
------------------------------------------------------------- x
WILLIAM A. BRANDT, JR., AS TRUSTEE OF                         :  Adv. Pro. No. 18-01575
CFG PERU INVESTMENTS PTE. LTD.                                :
(SINGAPORE),                                                  :
            Plaintiff,                                        :
                                                              :
            v.                                                :
                                                              :
THE HONGKONG AND SHANGHAI                                     :
BANKING CORPORATION LIMITED,                                  :
                                                              :
            Defendant.                                        :
------------------------------------------------------------- x

**OBJECTION OF WILLIAM A. BRANDT, JR., CHAPTER 11 TRUSTEE**
**FOR CFG PERU INVESTMENTS PTE LTD. (SINGAPORE), TO**
**MOTION OF CHINA FISHERY GROUP LIMITED (CAYMAN) TO**
<u>**INTERVENE IN TRUSTEE'S HSBC ADVERSARY PROCEEDING**</u>

# **TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. ARGUMENT ..................................................................................................................... 3

    A. CFGL Is Not Entitled to Intervene As of Right (Fed. R. 24(a)) And Should Not Be Permitted To Intervene Permissively (Fed. R. 24(b)) ............ 3

        1. Federal Rule 24(a)(1) ............................................................................. 3

        2. Federal Rule 24(a)(2) ............................................................................. 4

        3. Federal Rule 24(b) ................................................................................. 5

    B. Any Court-Ordered Intervention Should Limit Extent Of CFGL's Participation ............................................................................................................ 6

CONCLUSION ............................................................................................................................. 10

i

## **TABLE OF CONTENTS**

**Page(s)**

### **Cases**

In re Adelphia Commc'ns Corp.,
  285 B.R. 848 (Bankr. S.D.N.Y. 2002) .................................................................... 7, 9

In re Default Mfg. Co.,
  16 B.R. 88 (E.D. Pa. 1981) ......................................................................................... 7

Hoots v. Com. of Pa.,
  672 F.2d 1133 (3d Cir. 1982) ..................................................................................... 6

In re Ionosphere Clubs, Inc.,
  101 B.R. 855 (Bankr. S.D.N.Y. 1989) ........................................................................ 4

Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland,
  478 U.S. 501 (1986) ................................................................................................... 8

In re Morris Publishing Grp. LLC,
  No. 10-10134, 2010 WL 599393 (Bankr. S.D. Ga. 2010) .......................................... 4

Official Comm. of Equity Sec. Holders v. Official Comm. of Unsecured Creditors (In re
  Adelphia Commc'ns Corp.),
  544 F.3d 420 (2d Cir. 2008) ................................................................................... 6, 7

In re RNI Wind Down Corp.,
  348 B.R. 286 (Bankr. D. Del. 2006) ........................................................................... 8

Smart World Tech., LLC v. Juno Online Services, In. (In re Smart World Tech., LLC),
  423 F.3d 166 (2d Cir. 2005) ................................................................................... 7, 8

Term Loan Holder Comm. v. Ozer Grp., L.L.C.,
  303 F.3d 161 (2d Cir. 2002) ....................................................................................... 3

United States v. St. Paul Fire & Marine Ins. Co.,
  239 F.R.D. 404 (W.D. Pa. 2006) ................................................................................ 5

### **Rules / Statutes**

11 U.S.C. §1109(b) .............................................................................................. 1, 3, 4, 7

Fed. R. Bankr. P. 9019 ............................................................................................ 2, 7, 8, 9

Fed. R. Civ. P. 24 ............................................................................................................ 1, 3, 6

William A. Brandt Jr., chapter 11 trustee (the "**Trustee**") for CFG Peru Investments Pte. Ltd. (Singapore) ("**CFG Peru**"), submits this objection (the "**Objection**") to the Motion To Intervene In Trustee's HSBC Adversary Proceeding [Dkt. 7] (the "**Intervention Motion**") filed by China Fishery Group Limited (Cayman) ("**CFGL**") in the above-captioned adversary proceeding (the "**Proceeding**"), and respectfully represents as follows.

## I. PRELIMINARY STATEMENT[1]

1. The Trustee commenced the Proceeding as a Court-appointed fiduciary acting in accordance with the mandate in the Trustee Decision and his statutory responsibilities.[2] In the Intervention Motion, CFGL is requesting—in sum and substance—permission for the Debtors to interfere with the Trustee's independent prosecution of the Complaint. The Trustee declines the Debtors' unsolicited invitation to join the lawsuit. Nor has CFGL carried its burden of demonstrating an entitlement to intervene under Federal Rule 24 either as of right or on permissive grounds. Accordingly, the Intervention Motion should be denied.

2. *First,* CFGL does not have an unconditional statutory right to intervene under Federal Rule 24(a)(1). Section 1109(b) of the Bankruptcy Code identifies those "parties in interest" that have a right to "appear and be heard." CFGL does not fall within any of the parties that are listed in section 1109(b) with respect to debtor CFG Peru. Because CFGL does not satisfy section 1109(b), it is not entitled to intervene as a matter of right.

3. *Second,* CFGL cannot argue credibly that the Trustee's representation of CFGL's interests is inadequate for purposes of Federal Rule 24(a)(2). The Trustee's Complaint against

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Complaint [Dkt. No. 1] (the "**Complaint**").

[2] In re China Fishery Group ltd. (Cayman), No. 16-11895 (JLG), 2016 WL 6875903 (Bankr. S.D.N.Y. Oct. 28, 2016) (the "**Trustee Decision**").

1

HSBC asserts claims based on the very same transactions identified in the Intervention Motion. Notably, CFGL requests dispensation from Federal Rule 24(c)'s requirement that the Intervention Motion be accompanied by a "pleading that sets out the claim or defense for which intervention is sought." The absence of any such pleading is a testament to the completeness of the allegations contained, and relief requested in the Complaint. CFGL proffers no reason why its presence is required in order for the Trustee to prosecute the claims to conclusion.

4. ***Third***, the presence of an additional party will only delay the progress of the Proceeding, militating against exercising any discretion to authorize permissive intervention under Federal Rule 24(b). The exclusion of CFGL is especially appropriate considering that the Court previously found adequate cause to displace management from debtor-in-possession CFG Peru and install the Trustee. The Trustee should be permitted to prosecute the Proceeding independently as a Court-appointed fiduciary without CFGL's involvement.

5. ***Finally***, should the Court authorize intervention over the Trustee's objection, it bears emphasis that intervenor participation is not without limitations. Intervention does not automatically authorize the intervenor to file pleadings on every issue, examine witnesses at trial, or participate in discovery—either by propounding document requests, accessing produced documents, noticing depositions, or propounding questions at depositions. Nor does intervention afford the intervenor the same rights as the party that actually owns the causes of action. Indeed, Bankruptcy Rule 9019 would govern any settlement of this proceeding, and an intervenor has no enhanced status to oppose any settlement beyond that of any other purported party in interest. Accordingly, the terms of any authorized intervention should be carefully circumscribed on the terms and conditions set forth below. Absent those protections, the Trustee will be unfairly prejudiced by CFGL's intervention.

## II. ARGUMENT

### A. CFGL IS NOT ENTITLED TO INTERVENE AS OF RIGHT (FED. R. 24(A)) AND SHOULD NOT BE PERMITTED TO INTERVENE PERMISSIVELY (FED. R. 24(B))

6. Intervention in adversary proceedings is governed by Rule 24 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to adversary proceedings by Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). Federal Rule 24(a) provides for intervention as of right, and Federal Rule 24(b) provides for permissive intervention. Here, CFGL fails to satisfy the requirements of either subsection.

#### 1. Federal Rule 24(a)(1)

7. Federal Rule 24(a)(1) provides that the "court must permit anyone to intervene who ... is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Here, CFGL argues that, as a "party in interest," section 1109(b) of title 11 of the United States Code (the "**Bankruptcy Code**") grants it such an "unconditional right." See Mot. ¶ 37. But, CFGL is not a "party in interest" as that term is defined in section 1109(b) of the Bankruptcy Code. It therefore does not have an unconditional statutory right to intervene in this proceeding.

8. Specifically, section 1109(b) of the Bankruptcy Code provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. §1109(b).

9. While the Second Circuit holds that section 1109(b) creates an unconditional statutory right for "parties in interest" to intervene in adversary proceedings, see Term Loan Holder Comm. v. Ozer Grp., L.L.C., 303 F.3d 161, 162 (2d Cir. 2002), CFGL does not satisfy section 1109(b) with respect to debtor CFG Peru. See Mot. ¶¶ 2, 28 (noting CFGL is an "indirect 100% shareholder of CFG Peru" and "the indirect corporate entity just upstream of

3

CFG Peru in the vertical corporate structure"). CFGL therefore does not have an unconditional right to intervene in this proceeding. See 11 U.S.C. § 101(17) ("[T]he term 'equity security holder' means holder of an equity security of the debtor."). See also In re Morris Publishing Grp. LLC, No. 10-10134, 2010 WL 599393, at *2 (Bankr. S.D. Ga. 2010) (citing In re Ionosphere Clubs, Inc., 101 B.R. 855, 849 (Bankr. S.D.N.Y. 1989) (noting concept of "party in interest" under § 1109(b) is not infinitely elastic).

### 2.    Federal Rule 24(a)(2)

10.    Federal Rule 24(a)(2) permits intervention when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, *unless existing parties adequately represent that interest*." Fed. R. Civ. P. 24(a)(2) (emphasis added). Here, CFGL argues that the Trustee does not adequately represent its interest in the Proceeding and speculates that the Trustee may be less incentivized to continue prosecuting it to the extent he is successful in selling the Peruvian OpCos. See Mot. ¶ 46. CFGL is wrong.

11.    The Trustee adequately represents CFGL's interests. Indeed, CFGL concedes as much. See Mot. ¶ 2 ("CFGL stands in the same position as the Trustee").

12.    Moreover, CFGL's intervention will serve only to duplicate the Trustee's efforts. The Intervention Motion does not identify any new facts that the Trustee has not already alleged in the Complaint. See Mot. ¶ 2 ("The relevant facts are set forth in greater detail in the adversary complaint"), ¶ 49 ("The claims that CFGL will assert are the same claims that the Trustee, on behalf of CFG Peru, has asserted against HSBC and the basis of the claims will be based upon similar facts asserted in the Trustee Complaint, namely the improper actions taken to appoint the JPLs of CFGL (and CFIL) in Hong Kong and Cayman").

4

13. Similarly, CFGL has no intention of filing a pleading setting forth a "claim or defense for which intervention is sought" as required by Federal Rule 24(c)—confirming the completeness of the Trustee's Complaint. See Mot. ¶ 52 ("CFGL is not looking to assert new claims against HSBC. Rather, CFGL seeks to merely join and adopt in [sic] the claims asserted in the Trustee's Complaint as against HSBC").

14. Finally, while CFGL argues that "the Trustee represents only CFG Peru" (Mot. ¶ 46), the Complaint alleges clearly that HSBC's conduct caused harm to entities that fall above CFG Peru in the capital structure, including damages caused by HSBC's interference with an orderly sale process that would have enabled distributions to creditors of the CF Group and the Pacific Andes Group.³ The Trustee will prosecute this litigation with the same tenacity regardless of the outcome of the sale of the Peruvian OpCos.

### 3. Federal Rule 24(b)

15. Federal Rule 24(b) permits but does not require intervention where, in pertinent part, the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising this discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Id. 24(b)(1)(3); United States v. St. Paul Fire & Marine Ins. Co. 239 F.R.D. 404, 409

---

³ See Compl. ¶ 8 ("The short fuse HSBC attached to the sale process, coupled with the change in market sentiment brought about by the liquidators' appointment, interfered with the ongoing sale process. Had indications of interest totaling approximately $1.7 billion immediately prior to the Hong Kong JPL's appointment on November 25, 2015 ripened into binding agreements, the resulting sale would have provided for substantial recoveries to creditors of the CF Group and the Pacific Andes Group. Instead, the accelerated sale process instituted and enforced by HSBC resulted in substantially lower bids that ascribed significantly less value to the Peruvian Business that would have been realized absent HSBC's interference. HSBC bears responsibility for the harm and value depletion its interference caused."). See also Compl. ¶¶ 9, 91-101, 117, 124, 144.

5

(W.D. Pa. 2006) ("The ultimate determination is left to the Court's discretion.").

16.     In the exercise of that discretion, the Court may consider whether the Trustee adequately represents the interests of CFGL. See e.g., Hoots v. Com. of Pa., 672 F.2d 1133, 1136 (3d Cir. 1982) ("[W]here, as here, the interests of the applicant in every manner match those of an existing party and the party's representation is deemed adequate, the district court is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be 'undue.'").

17.     In addition to adequately representing CFGL's interests, the Trustee was appointed to displace management of debtor-in-possession CFG Peru and to act independently of the Debtors. That is what the Trustee has done in bringing this Complaint. There is no need for the Debtors—either through CFGL's intervention or otherwise—to interfere with the Trustee's prosecution of this lawsuit.

**B.     ANY COURT-ORDERED INTERVENTION SHOULD LIMIT EXTENT OF CFGL'S PARTICIPATION**

18.     For the reasons stated, the Intervention Motion should be denied. If the Court is inclined to permit intervention, then the Trustee respectfully requests that the contours of CFGL's participation be circumscribed in the manner set forth below to avoid unnecessary duplication and delay.

19.     Federal Rule 24 does not address the extent of permissible intervenor participation or the specific rights associated with intervenor status. Similarly, section 1109(b) of the Bankruptcy Code speaks only to the right to "appear and be heard." Instead, the rights given to intervenors are not without limitations. For example, intervention under Federal Rule 24 does not given rise to an automatic right to propound discovery with respect to estate claims that the Trustee is already prosecuting. See e.g., Official Comm. of Equity Sec. Holders v.

6

Official Comm. of Unsecured Creditors (In re Adelphia Commc'ns Corp.), 544 F.3d 420, 424 (2d Cir. 2008) (referring to "the limited bundle of rights provided by intervention under § 1109(b)"); In re Adelphia Commc'ns Corp., 285 B.R. 848, 851 (Bankr. S.D.N.Y. 2002) ("[I]f necessary, [courts may] limit actions by intervenors or require coordination, in the interests of judicial economy, avoiding harassment or excessive burdens, or otherwise in in the interests of justice."); In re Default Mfg. Co., 16 B.R. 88, 89 (E.D. Pa. 1981) (denying creditors' committee's motion to take discovery in proceeding in which it was intervenor when committee intervention originally was conditioned on fact that "[n]o discovery or other pretrial procedures are to be invoked which might further postpone resolution of [disputed reclamation] . . . claim").

20. Intervention also does not give intervenors derivative standing to prosecute, or any ownership interest in the claims the Trustee is pursuing in the Proceeding. See Adelphia, 544 F.3d at 424 (contrasting intervention with "ownership of the causes of action, which . . . require[] derivative standing"); Smart World Tech., LLC v. Juno Online Services, In. (In re Smart World Tech., LLC), 423 F.3d 166. 182–83 (2d Cir. 2005) (noting "the unconditional §1109(b) right to intervene" does not include "the right to take ownership of the debtor's legal claims" and "does not entitle parties in interest . . . to usurp the debtor-in-possession's role as legal representative of the estate").

21. The Trustee is the only party with standing to prosecute and settle the claims asserted in the Proceeding. See, e.g., Adelphia, 544 F.3d at 423-424 & n. 1 ("It remains the debtor's duty to wisely manage the estate's legal claims, and his duty is implicit in the debtor's role as the estate's only fiduciary."); SmartWorld, 423 F.3d at 174-75 (noting Bankruptcy Rule 9019 "vests authority to settle or compromise solely in the debtor-in-possession" and "[i]n making the debtor-in-possession accountable for the estate's legal claims, Congress vested the

7

debtor with the responsibility to determine how best to handle those claims …. [I]t is the debtor-in-possession who controls the estate's … legal claims … [and] who has the legal obligation to pursue claims or to settle them;" finding creditors could not settle estate claim over debtor's objection); In re RNI Wind Down Corp., 348 B.R. 286, 294 (Bankr. D. Del. 2006) ("[U]pon the filing of a bankruptcy petition, … claims became property of the estate under 11 U.S.C. § 541 and the right to bring a derivative action asserting such claims vested exclusively to the trustee, including the right to settle such claims;" noting that debtor could settle claims over the objections of a "plaintiff in the derivative actions.").

22. Further, settlements in bankruptcy are governed by the standards applicable to Bankruptcy Rule 9019. As potential plaintiff-intervenors, CFGL's rights to consent to or oppose a settlement of the claims brought by the Trustee are the same as, and no greater than those held by any other purported party in interest. See, e.g., Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland, 478 U.S. 501, 528-29 (1986) ("It has never been supposed that one party—whether an original party, a party that was joined later, *or an intervenor*—could preclude other parties from settling their own disputes and thereby withdrawing from litigation.") (emphasis added) (citing Smart World, 423 F.3d at 182).

23. Thus, if CFGL is permitted to intervene, the scope of that participation should be narrow. Specifically, the following conditions should be imposed:

- CFGL may receive copies of pleadings and correspondence in the proceeding;
- CFGL may make non-duplicative arguments during Court hearings;
- CFGL cannot file motions or other papers;
- CFGL cannot propound written discovery or notice depositions;
- CFGL is not entitled to copies of documents produced in discovery or deposition transcripts;

8

- CFGL cannot notice depositions or attend them; and
- any order authorizing intervention shall provide that intervention does not give rise to derivative standing or any ownership interest in the claims asserted, that the standards of Bankruptcy Rule 9019 will govern any settlement of this proceeding, and that CFGL will have no greater rights than those held by individual parties in interest to oppose the settlement of any claim asserted by the Trustee.

24. Absent these protections, CFGL's intervention will needlessly delay and prejudice the Trustee's ability to prosecute the proceeding without the Debtors' interference. C.f., In re Adelphia Commc'ns Corp., 285 B.R. 848, 856–57 (Bankr. S.D.N.Y. 2002) (restricting the participation rights granted to section 1109(b) intervenors).

9

## CONCLUSION

For the foregoing reasons, the Trustee's Objection should be sustained, and the Intervention Motion should be denied. Alternatively, if the Trustee's Objection is not sustained, then the Trustee requests that CFGL's intervention be restricted on the terms and conditions outlined in the Objection.

Respectfully submitted,

DATED: New York, New York
December 5, 2018

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ James C. Tecce*
James C. Tecce
William Pugh

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

*Counsel for William A. Brandt, Jr., Chapter 11 Trustee for CFG Peru Investments Pte. Ltd. (Singapore)*

10