**Hearing Date:** December 19, 2018 at 11:00 a.m.

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
John E. Jureller, Jr.
Christopher J. Reilly
200 West 41st St., 17th Floor
New York, New York 10036
(212) 972-3000

*Conflicts Counsel for China Fishery*
*Group Limited (Cayman) and Its Affiliated Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
In re:                                                 :    Case No. 16-11895 (JLG)
                                                       :
CHINA FISHERY GROUP LIMITED                            :    Chapter 11 (Jointly Administered)
(CAYMAN), et al.,                                      :
                                                       :
                                                       :
                    Debtors.                           :
-------------------------------------------------------x
In re:                                                 :    Case No. 16-11914 (JLG)
                                                       :
CFG PERU INVESTMENTS PTE. LTD.                         :    Chapter 11
(SINGAPORE),                                           :
                                                       :
                                                       :
                    Debtor.                            :
-------------------------------------------------------x
WILLIAM A. BRANDT, JR., AS TRUSTEE OF                  :    Adv. Pro. No. 18-01575
CFG PERU INVESTMENTS PTE. LTD.                         :
(SINGAPORE),                                           :
                                                       :
                                                       :
                    Plaintiff,                         :
             v.                                        :
                                                       :
THE HONGKONG AND SHANGHAI                              :
BANKING CORPORATION LIMITED,                           :
                                                       :
                    Defendant.                         :
-------------------------------------------------------x
```

**REPLY OF CHINA FISHERY GROUP LIMITED (CAYMAN)**
**TO THE OBJECTIONS OF THE TRUSTEE AND HSBC TO THE MOTION TO**
**<u>INTERVENE IN THE TRUSTEE'S ADVERSARY PROCEEDING</u>**

China Fishery Group Limited (Cayman) ("CFGL"), by and through its undersigned counsel, submits this reply (the "Reply") to the objections submitted by William A. Brandt, Jr. ("Trustee"), as Chapter 11 Trustee of CFG Peru, and The Hong Kong and Shanghai Banking Corporation Limited ("HSBC"), and in further support of its motion (the "Motion") for entry of an Order authorizing CFGL to intervene in, and join and adopt the claims asserted in, the adversary proceeding entitled *William A. Brandt, Jr., as Trustee of CFG Peru Investments PTE. Ltd. (Singapore) v. The Hong Kong and Shanghai Banking Corporation Limited*, Adv. Pro. No. 18-01575 (the "Adversary Proceeding"). In support of its Reply, CFGL respectfully states as follows:

**REPLY**

**A. CFGL is Entitled to Intervene as of Right under Fed. R. Civ. P. 24(a)**

I.  CFGL Is a Party in Interest as defined in 11 U.S.C. 1109(b)

1.  Both HSBC and the Trustee allege in their respective objections that CFGL is not a "party in interest" as defined by 11 U.S.C. 1109(b). However, CFGL, as opposed to CFG Peru, was one of the entities over which the JPLs[1] were directly appointed, which appointment serves as the backbone of the claims asserted by the Trustee in his Complaint. Further, as noted in the Motion, CFGL stands in the same position as the Trustee, an indirect 100% shareholder of CFG Peru, and therefore the CF Group of Peruvian entities. See Motion ¶2. Finally, The Trustee's Complaint directly states that HSBC's conduct caused harm to entities that fall above CFG Peru in the capital structure. See Trustee's Complaint ¶ 8. CFGL was directly damaged as a result of the appointment of the JPLs, thus it has a "direct" interest in the outcome of the case as any damage award obtained as a result of the Adversary Proceeding would impact CFGL and the estates of the remaining Debtors. See *Savage & Assocs., P.C. v. K&L Gates LLP* (*In re Teligent, Inc.*, 640 F. 3d

---

[1] Words capitalized, but not herein defined shall have the meaning ascribed to them in the Motion

2

53, 60-61 (2d. Cir. 2011). It is submitted that, based upon the foregoing, CFGL is a "party in interest" in the Adversary Proceeding.

    II.    <u>The Trustee Does Not Adequately Represent CFGL's Interests</u>

    2.    CFGL has noted the Trustee's representation that he intends to adequately represent the interests of the Debtors above CFG-Peru in the Debtors' corporate structure. However, the interests of the Trustee and the other Debtors have diverged previously in these cases, and may do so again in the future. The Debtors, through CFGL, are fiduciaries to their estates, and as such have the duty to protect the interests of the estates and their creditors. The circumstances of this Adversary Proceeding are such that the Trustee is asserting claims that, if proven, not only would affect CFG Peru but other Debtors in these Bankruptcy Cases. Due to these unique circumstances, it is foreseeable that a situation may arise where the Trustee, in exercising his duty to protect the interests of CFG Peru, is incentivized to dismiss or settle the Adversary Proceeding on behalf of CFG Peru, which may not be in the best interests of the other Debtors and their creditors. The Trustee has asserted that the odds that such a situation will arise are small; however, if it should arise, denying the Motion would result in inadequate representation of CFGL, the remaining Debtors, and their respective estates.

    III.    <u>Intervention Would Not Constitute Impermissible Claim Splitting</u>

    3.    The central argument in HSBC's opposition is that any intervention by CFGL in this Adversary Proceeding would be improper claim splitting as a result of the pending fraudulent conveyance/preference action against HSBC (the "CFGL Proceeding"). CFGL has now

3

withdrawn and discontinued the CFGL Proceeding.[2] This moots the argument relied upon by HSBC.

### B. CFGL Should be Permitted to Intervene Under Fed. R. Civ. P. 24(b)

#### I. CFGL's Interests are not Adequately Represented by the Trustee and Intervention Will Not Cause Undue Delay

4.  As noted above, due to the circumstances of these Bankruptcy Cases, the Trustee finds himself in a position where he has brought claims against HSBC that not only affect the rights and interests of CFG Peru, but also those of CFGL and the remaining Debtors. Further, as explained above, it is foreseeable that circumstances could arise where the interests of the Trustee and the remaining Debtors may differ and what may be in the best interests of CFG Peru may not be in the best interests of CFGL, the remaining Debtors and their estates. Only as an active participant in the Adversary Proceeding can CFGL adequately analyze the situation and represent the remaining Debtors as a fiduciary.

5.  The intended goal of the Motion is to permit CFGL to adequately represent the interests of the remaining Debtors, while permitting the Adversary Proceeding to proceed in its normal course. CFGL does not expect its intervention to cause any delay in the Adversary Proceeding. While CFGL believes that its goals are similar to those of the Trustee, it will seek to become more actively involved only if CFG Peru and CFGL's interests diverge. As such, CFGL should be permitted to intervene in the Adversary Proceeding under Fed. R. Civ. P. 24(b).

### C. CFGL's Failure to File a Separate Pleading is Not Fatal to its Motion to Intervene

6.  HSBC has argued that the lack of a separate pleading is fatal to the Motion. As set forth in the Motion, HSBC's argument is not correct. HSBC's reliance on *Abramson v. Pennwood Inv. Corp.*

---

[2] Though CFGL has discontinued the CFGL Proceeding, it does not concede that intervening in this Adversary Proceeding while simultaneously pursuing the CFGL Proceeding would constitute impermissible claim splitting. *See Curtis v. Citibank, N.A.*, 226 F. 3d. 133, 139 (2d. Cir. 2000).

4

392 F. 2d 759 (2d Cir. 1968), is misplaced as the Second Circuit based its ruling in that case on the fact that a lack of pleading was not a mere lack of compliance with the rules. The Southern District in *Official Comm. Of Asbestos Claimants of G-I Holdings, Inc. v. Heyman*, 2003 WL 22790916 (S.D.N.Y. 2003), explained the circumstances in that case and noted "that a statement in appellant's motion papers that they were adopting the original complaint was insufficient because, in the circumstance of a stockholder's derivative action, which must, among other requirements, be verified by oath and must specifically aver that the plaintiff at the time of the transactions complained of, the lack of a pleading was 'not merely a technical lack of compliance with the rules.'" *Id.* at *3-4. In the instant matter, the absence of a pleading may be a technical lack of compliance at most, nothing more. It has been held that adopting claims asserted against a defendant can be sufficient where it does not cause prejudice to the parties. See *Official Comm. Of Asbestos Claimants of G-I Holdings, Inc. v. Heyman* at *4; *SEC v. Credit Bancorp, Ltd.*, 2000 WL 1170136 at *2 (S.D.N.Y. 2000) (where an applicant "does not seek to present any causes of action which are factually or legally distinct in a significant way from those already asserted…[the] intervention will not unduly inconvenience or delay the [plaintiff] in prosecuting this action.").

7. There is no prejudice to HSBC as a result of the lack of a separate pleading. In fact, HSBC cannot claim any prejudice as a result. By the Motion, CFGL does not seek to modify or present any causes of actions that are factually or legally distinct from those asserted in the Trustee's Complaint. The lack of a pleading is therefore not fatal to the Motion.

8. Further, HSBC's statute of limitations arguments have no merit. Courts have allowed intervenor complaints to relate back to the date of the original complaint in situations where statute of limitations had run. In *Red Rock Commodities Ltd. V. M/V Kopalnia Szombierki* 1994 WL 440822 (S.D.N.Y. 1994), the district court allowed intervenor's complaint to relate back to the date of the filing of the original complaint despite the fact that the applicable statute of limitations had run. The court noted that because

5

statutes of limitations are a means of encouraging promptness in instituting claims and avoiding prejudice to defendants which results when a plaintiff delays prosecuting his claim, rather than a means of punishment for the dilator, see also *Hamilton v. Smith*, 773 F. 2d 461, 465 (2d Cir. 1985); 7C Wright, Miller & Kane, Federal Practice and Procedure § 1916 at 425-26 (1986), "the statute of limitations does not have any talismanic significance with respect to the issue of timeliness." *Red Rock Commodities Ltd.* 1994 WL 440822, at 2. Further, courts have interpreted Rule 24 to "provide that an intervenor's claim may relate back to the case's original complaint for purposes of the statute of limitations." *Chen-Oster v. Goldman, Sachs & Co.*, 251 F. Supp. 3d 579 (S.D.N.Y. 2017), see also, *ACORN v. County of Nassau*, 270 F.R.D. 123, 125-126 (E.D.N.Y. 2010) (citing *New York v. Gutierrez*, 2008 WL 5000493, at 13 (E.D.N.Y. 2008). Additionally, in *Ross v. Patrucky, Mintz & Semel*, 1997 WL 214957 (S.D.N.Y. 1997) (collecting cases permitting intervenor's filing of complaint despite expiration of statute of limitations). citing, inter alia, *Cummins v. United States*, 704 F. 2d 437, 440 (9th Cir. 1993), the court reasoned that a complaint in intervention barred by a statute of limitations relates back to the date of the original complaint where (1) the proposed intervenor is the real party in interest, or there is a "community of interest" between proposed intervenor's and plaintiff's claims; (2) intervenor's motion is timely within the meaning of Rule 21; and (3) no prejudice to defendants would result. *Ross* 1997 WL 214957 at 8-9 (S.D.N.Y. 1997).

**D. CFGL Should Not be Limited In Its Participation in the Adversary Proceeding**

9.     As set forth in the Motion, CFGL does not intend to duplicate the actions of the Trustee.  However, it also does not believe that it should be limited in its participation to the extent proposed by the Trustee or HSBC.  There can be no argument that CFGL's receipt of discovery, attendance at depositions and hearings, and active participation in the Adversary Proceeding will prejudice either the Trustee or HSBC.  CFGL will coordinate with the Trustee regarding discovery, depositions and motions, so as to avoid duplicative filings.  At this point, CFGL intends to "follow the Trustee's lead."   The intent is not to be disruptive, but to participate in a meaningful way to protect the interests of the Debtors.

10.     The Trustee also makes a point of arguing that CFGL, if intervention is permitted, should not have "any more say" about a proposed settlement than any other party under a Rule 9019 standard. Courts have developed standards to evaluate if a settlement is fair and equitable under Rule 9019, and, to that end, courts in the Second Circuit have set forth factors for approval of settlements. Those factors are: (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining." *In re WorldCom, Inc.,* 347 B.R. 123, 137 (Bankr.S.D.N.Y.2006); *see also TMT Trailer Ferry,* 390 U.S. at 424, 88 S.Ct. 1157; *In re Drexel Burnham,* 960 F.2d at 292. CFGL has little doubt the Trustee, as a Court-appointed fiduciary, will seek to ensure that any proposed settlement is reasonable and in the best interest of the estates. However, a situation may arise where CFG Peru and CFGL's interests diverge, and as such, CFGL must have an involvement in the Adversary Proceeding sufficient to ensure that any potential settlement would be in the best interests of its and the remaining Debtors' estates.

11.     As a participant in the Adversary Proceeding, CFGL will have the ability, as a fiduciary of the Debtors' estates, to better analyze any settlement proposed by the Trustee and its effect on the Debtors' estates. This is another reason why CFGL should not be limited to the extent

7

proposed by the trustee on its ability to participate in the Adversary Proceeding. CFGL expects that, if it were to take a view on any settlement, it will be well informed, and such informed analysis would be considered by the Court under the circumstances. Any settlement will have an impact on the estates of the remaining Debtors, and careful analysis by CFGL will protect the remaining Debtors' estates in the event their interests diverge from those of the Trustee. Onerous limitations, such as those requested by the Trustee and HSBC, would completely obviate the purpose of the Motion.

**WHEREFORE**, CFGL respectfully requests that this Court overrule the objections of the Trustee and HSBC, enter an order granting the Motion and permitting CFGL to intervene in the Adversary Proceeding, and granting such other and further relief as is just and appropriate.

Dated: New York, New York
December 14, 2018

>KLESTADT WINTERS JURELLER
>SOUTHARD & STEVENS, LLP
>
>By: /s/John E. Jureller, Jr
>    Tracy L. Klestadt
>    John E. Jureller, Jr.
>    Christopher J. Reilly
>200 West 41st St., 17th Floor
>New York, New York 10036
>Tel: (212) 972-3000
>Email: tklestadt@klestadt.com
>       jjureller@klestadt.com
>
>*Conflicts counsel for China Fishery*
>*Group Limited (Cayman) and Its Affiliated Debtors*