NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                           Case No. 16-11895 (JLG)

China Fishery Group Limited (Cayman), *et al.*,        Chapter 11

       Debtors.                                                        (Jointly Administered)
------------------------------------------------------------X
In re:

CFG Peru Investments Pte. Ltd. (Singapore),          Case No. 16-11914 (JLG)

       Debtor.                                                          Chapter 11

------------------------------------------------------------X
William A. Brandt, Jr., as Trustee of
CFG Peru Investments Pte. Ltd. (Singapore)           Adv. Pro. No. 18-01575-JLG

       Plaintiff,
v.

The Hongkong and Shanghai Banking Corporation
Limited,

       Defendant.
------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER DENYING MOTION OF
CHINA FISHERY GROUP LIMITED (CAYMAN) TO INTERVENE IN
THE TRUSTEE'S HSBC ADVERSARY PROCEEDING**

APPEARANCES:

**Klestadt Winters Jureller
Southard & Stevens, LLP**

200 West 41st Street, 17th Fl.
New York, New York 10036
By:   John E. Jureller, Jr., Esq.
       Tracy Klestadt, Esq.
       Christopher J. Reilly, Esq.

*Conflicts Counsel for China Fishery Group
Limited (Cayman) and its affiliated Debtors*

**Davis Polk & Wardell LLP**

450 Lexington Avenue
New York, New York 10017
By:   Elliot Moskowitz, Esq.
      Donald S. Bernstein, Esq.
      David B. Toscano, Esq.

      - and -

**Boies Schiller Flexner LLP**

1401 New York Avenue, NW
Washington D.C. 20005
By:   Scott E. Gant, Esq. (admitted *pro hac vice*)

575 Lexington Avenue
New York, New York 10022
By:   Damien J. Marshall, Esq.

*Counsel to The Hongkong and Shanghai Banking Corp. Ltd.*


**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, New York 10010
By:   James C. Tecce, Esq.
      Julia M. Beskin, Esq.
      Kate Scherling, Esq.
      Jordan Harap, Esq.

*Counsel for William A. Brandt, Jr.,
As Trustee of CFG Peru Investments Pte. Ltd. (Singapore)*

**HON. JAMES L. GARRITY, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

INTRODUCTION

In this adversary proceeding, William A. Brandt, Jr., as the chapter 11 trustee (the "Trustee") of CFG Peru Investments Pte. Ltd. (Singapore) ("CFG Peru"), is seeking to recover damages from The Hongkong and Shanghai Banking Corporation Limited ("HSBC"), that CFG Peru allegedly suffered by reason of actions taken by HSBC in enforcing its rights against China Fishery Group Limited (Cayman) ("CFGL") and China Fisheries International Limited (Samoa) ("CFIL"), as borrowers and/or guarantors under that certain Club Facility (defined below).  The matter before the Court is CFGL's motion pursuant to Rule 24 of the Federal Rules of Civil Procedure (the "Federal Rules")[1] to intervene in this adversary proceeding (the "Motion") [ECF No. 7].[2]  The Trustee and HSBC object to the Motion.[3]  For the reasons set forth herein, the Motion is DENIED.

JURISDICTION

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States

---

[1]  Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") makes Federal Rule 24 applicable herein.

[2]  Citations to "ECF No. ___" refer to documents filed on the electronic docket of this adversary proceeding, Adv. Pro. No. 18-1575.  Documents filed in the Debtors' jointly administered cases, or in the chapter 11 case of CFG Peru, will be designated with the applicable case number before the ECF No. reference.

[3]  *See Defendant HSBC-HK's Opposition to the Motion of China Fishery Group Limited (Cayman) to Intervene in the Trustee's Adversary Proceeding* [ECF No. 10] ("HSBC Objection"); *Objection of William A. Brandt, Jr., Chapter 11 Trustee for CFG Peru Investments Pte. Ltd. (Singapore), to Motion of China Fishery Group Limited (Cayman) to Intervene in Trustee's HSBC Adversary Proceeding* [ECF No. 11] ( "Trustee Objection").  In response to these objections, CFGL has filed the *Reply of China Fishery Group Limited (Cayman) to the Objections of the Trustee and HSBC to the Motion to Intervene in the Trustee's Adversary Proceeding* [ECF No. 12] ("CFGL Reply").

1

District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

FACTS[4]

*Background*

The Pacific Andes Group of companies collectively constitutes the world's twelfth largest seafood company. *See* Rule 1007 Declaration ¶ 29. N.S. Hong Investment (BVI) Limited ("N.S. Hong") is the ultimate, indirect owner of the entities that comprise the Pacific Andes Group. *See id.*, Ex. A (corporate structure). On June 30, 2016, N.S. Hong, CFGL, CFG Peru, CFIL, and various affiliated entities filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court. From time to time thereafter, certain of their affiliates followed suit. In all, 37 members of the Pacific Andes Group are chapter 11 debtors herein (collectively, the "Debtors").[5] Apart from CFG Peru, the Debtors have remained in possession and control of their businesses and assets as debtors in possession pursuant to sections 1107 and

---

[4] The factual background discussed herein is generally not disputed and is based primarily on the *Declaration Of Ng Puay Yee Pursuant To Rule 1007-2 Of The Local Bankruptcy Rules For The Southern District Of New York And In Support Of Debtors' First Day Motions And Applications* [Case No. 16-11895, ECF No. 2] (the "Rule 1007 Declaration"), and the Court's *Memorandum Decision and Order Granting Motion for the Appointment of a Chapter 11 Trustee* [Case No. 16-11895, ECF No. 203].

[5] At this time, the Debtors in these chapter 11 cases are: CFGL, Pacific Andes International Holdings Limited (Bermuda), N.S. Hong, South Pacific Shipping Agency Limited (BVI), CFIL, CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru, Smart Group Limited (Cayman) ("Smart Group"), Super Investment Limited (Cayman), Pacific Andes Resources Development Limited (Bermuda), Nouvelle Foods International Ltd., Golden Target Pacific Limited, Pacific Andes International Holdings (BVI) Limited, Zhonggang Fisheries Limited, Admired Agents Limited, Chiksano Management Limited, Clamford Holding Limited, Excel Concept Limited, Gain Star Management Limited, Grand Success Investment (Singapore) Private Limited, Hill Cosmos International Limited, Loyal Mark Holdings Limited, Metro Island International Limited, Mission Excel International Limited, Natprop Investments Limited, Pioneer Logistics Limited, Sea Capital International Limited, Shine Bright Management Limited, Superb Choice International Limited, and Toyama Holdings Limited (BVI).

2

1108 of the Bankruptcy Code. By order dated November 10, 2016, the Court appointed Mr. Brandt as the chapter 11 trustee for CFG Peru. *See* Case No. 16-11895, ECF No. 217.

The China Fishery Group of companies (the "CF Group") is part of the Pacific Andes Group. Among other things, the CF Group engages in fishing, fishmeal and fish oil processing, and production of anchovies in Peru for worldwide distribution (the "Peruvian Business"). *See* Rule 1007 Declaration ¶¶ 37-38, 44. CFGL is a public company incorporated under the laws of the Cayman Islands. *See id.* ¶ 57. It directly and indirectly controls the CF Group. CFG Peru is itself an indirectly owned subsidiary of CFGL and, together with 12 other Debtors, is part of the CF Group. The group includes three non-Debtor entities: Sustainable Fishing Resources S.A.C., CFG Investments S.A.C. ("CFGI"), and Corporacion Pesquera Inca S.A.C. ("Copeinca"). *See id.* ¶¶ 38, 49. The latter two – CFGI and Copeinca (together, the "Peruvian Opcos") – are subsidiaries of CFG Peru and the CF Group's main operating entities.

The Peruvian Opcos and Debtor CFIL (collectively, the "Club Borrowers") are parties to a $650 million Facility Agreement, dated March 20, 2015 (as amended from time to time, the "Club Facility"). *See id.* ¶ 96. Debtor CFGL is a joint and several guarantor under the Club Facility. *See id.* HSBC is among the lenders (the "Club Lenders") under that facility. Between April 30, 2014 and November 11, 2015, the Club Lenders and Club Borrowers entered into eight extension and waiver agreements relating to the obligations under the Club Facility (collectively, the "Extension and Waiver Agreements"). *See id.* ¶¶ 100-102. On November 25, 2015, after the eighth Extension and Waiver Agreement lapsed, HSBC initiated an action in the High Court of the Hong Kong Special Administrative Region (the "Hong Kong Court"), seeking: (1) the winding up of CFGL and CFIL, and (2) the *ex parte* appointment of joint provisional liquidators. *See id.* ¶ 114. Following receipt of the application, the Hong Kong Court appointed Messrs.

3

Beighton, Middleton, and Power of KPMG LLP to serve as the joint provisional liquidators for CFGL and CFIL (the "Hong Kong JPLs"). *See id.* ¶ 115. Based on the Hong Kong Court's appointment of the Hong Kong JPLs, HSBC commenced a winding up petition against CFGL in the Grand Court of the Cayman Islands (the "Cayman Court"). HSBC sought the appointment of joint provisional liquidators for CFGL. Following a hearing on December 8, 2015, the Cayman Court appointed Messrs. Beighton, Power, and Lawson to serve as provisional liquidators over CFGL (the "Cayman JPLs," and together with the Hong Kong JPLs, the "JPLs").

CFGL and CFIL challenged the appointment of the Hong Kong JPLs in the Hong Kong Court. On January 5, 2016, following a multi-day trial, the court discharged and terminated the appointment of the Hong Kong JPLs (the "JPL Discharge Order"). *See id.* ¶ 119.[6] Thereafter, the parties engaged in settlement discussions and eventually reached a resolution that they embodied in a Deed of Undertaking, dated January 20, 2016 (the "Deed of Undertaking"). Pursuant thereto, in consideration for HSBC's withdrawal of the winding up petitions in Hong Kong and the Cayman Islands, and its agreement to discontinue its appeal of the JPL Discharge Order, CFGL and CFIL agreed, among other things, to pursue a sale of the Peruvian Business to be completed by July 15, 2016, and to the appointment of a Chief Restructuring Officer to oversee the sales process. *See* Ng Declaration ¶ 82. CFGL and CFIL also agreed to pay $3.1 million to KPMG for the fees of the Hong Kong JPLs. The parties agreed that if CFGL or CFIL defaulted under the Deed of Undertaking, HSBC and Bank of America, N.A. (which was not a signatory to the Deed of Undertaking, but a beneficiary thereunder) were free to apply to the Cayman Court for the immediate reappointment of the Cayman JPLs. *See generally id.* ¶ 83.

---

[6] *See also Declaration of Ng Puay Yee in Opposition to the Lenders' Motion for the Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(A)(2)* [Case No. 16-11895, ECF No. 65] (the "Ng Declaration"), ¶ 80.

4

The commencement of CFGL's and CFIL's chapter 11 cases stayed enforcement of the Deed of Undertaking.

*The Adversary Proceeding*

On June 29, 2018, the Trustee commenced this adversary proceeding by filing his complaint (the "Complaint"). *See* ECF No. 1. In this action, the Trustee seeks to recover damages from HSBC and to equitably subordinate or disallow the more than $100 million in claims that HSBC has filed against certain of the Debtors herein. The Trustee's theory is that the actions HSBC took to enforce the Club Facility (all of which are detailed in the Complaint but include, without limitation, commencing the Hong Kong and Cayman winding up proceedings and causing those courts to appoint the JPLs) "exceeded the bounds of commercial reasonableness, damaged CFG Peru's equity interest in the Peruvian OpCos . . . and diminished recovery prospects for the CF Group's creditors . . . including CFG Peru." Complaint ¶ 1. He contends that HSBC's conduct gives rise to common law claims for negligence, breach of duty and tortious interference under Hong Kong law, Peruvian law and/or U.S. law, and that HSBC is liable to CFG Peru for damages caused to CFG Peru in both its capacity as the owner of the equity of the Peruvian OpCos and as a creditor of CFGL, N.S. Hong, CFIL and Smart Group. *Id.* ¶ 9. Specifically, he seeks to recover (a) damages of not less than $45 million resulting from, among other things, the Peruvian Business's lost revenue and profits, and (b) damages to the value of the Peruvian Business in the amount of not less than $200 million. *Id.* He also asserts that "given the extent to which HSBC exceeded the confines of permissible conduct and the damage it caused[,]" HSBC's claims should be disallowed or equitably subordinated. *Id.* ("Equity dictates that HSBC forfeited any entitlement to a recovery from the estates.").

5

*The Motion to Intervene*

By the Motion, CFGL seeks to intervene in this action, and join in and adopt the claims asserted by the Trustee in the Complaint. *See* Motion ¶ 1. It contends that as an indirect 100% shareholder of CFG Peru, and therefore the Peruvian OpCos, it stands in the same position as the Trustee. *See id.* It maintains that since its revenue was derived primarily from the Peruvian Business, and it is a joint and several obligor under the Club Facility, it was significantly harmed by the damages inflicted on the Peruvian Business by HSBC. *See id.* CFGL argues that it can intervene in the Adversary Proceeding as of right pursuant to Federal Rule 24(a)(1), because it is a "party in interest" under section 1109(b) of the Bankruptcy Code and, in any event, satisfies the requirements for mandatory intervention under Federal Rule 24(a)(2). Alternatively, CFGL asserts that because CFGL's claims against HSBC arise from the same facts and circumstances asserted in the Trustee's Complaint, it should be permitted to intervene pursuant to Federal Rule 24(b)(1)(B). Finally, CFGL requests that the Court dispense with the requirement for the filing of a separate complaint under Federal Rule 24(c). CFGL asserts that in contrast to a "typical" motion to intervene in a pending litigation, it is "not looking to assert new claims against HSBC," but rather "seeks only to join and adopt the claims asserted in the Trustee's Complaint as against HSBC." *Id.* ¶ 52. It maintains that given the "unique circumstances" of the adversary proceeding, it is "unnecessary for [it] to file a separate pleading at this time." *Id.*

## DISCUSSION

*Intervention as of Right: Fed. R. Civ. P. 24(a)(1)*

Federal Rule 24(a)(1) states that, "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). In *Term Loan Holder Comm. v. Ozer Grp., L.L.C. (In re Caldor Corp.)*, 303 F.3d

6

161, 162 (2d Cir. 2002), the Second Circuit held that section 1109(b) of the Bankruptcy Code creates an unconditional statutory right for "parties in interest" to intervene in adversary proceedings. That section provides that:

> [a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. §1109(b). It is undisputed that CFGL is not among the entities identified in the statute as a "party in interest."[7] Still, it argues that it is a "party in interest" under the statute and, as such, has an unconditional right to intervene in the adversary proceeding. *See* Motion ¶ 37. It is well settled both that the list of "parties in interest" in section 1109(b) is not exhaustive, and that the term "party in interest" is not defined in the Bankruptcy Code. *See Doral Center, Inc. v. Ionosphere Clubs, Inc. (In re Ionosphere Clubs, Inc.)*, 208 B.R. 812, 814 (S.D.N.Y. 1997) (noting that the list in section 1109 is not exhaustive); *Roslyn Sav. Bank v. Comcoach Corp. (In re Comcoach Corp.)*, 698 F.2d 571, 573 (2d Cir. 1983) ("The term 'party in interest' is not defined in the Code."). Accordingly, courts interpret the term "on an *ad hoc* basis . . . to ensure that anyone who has a legally protected interest that could be affected by a bankruptcy proceeding is entitled to assert that interest with respect to any issue to which it pertains . . . ." *In re Reyes*, No. 14-13233, 2015 WL 4624156, at *3 (Bankr. S.D.N.Y. Aug. 4, 2015) (citations and internal quotation marks omitted); *see also In re Johns-Manville Corp.*, 36 B.R. 743, 747-748 (Bankr. S.D.N.Y. 1984), *aff'd*, 52 B.R. 940 (S.D.N.Y. 1985) (explaining that "parties in interest"

---

[7] An "equity security holder" means a "holder of an equity security of the debtor." 11 U.S.C. § 101(17). CFGL is not an "equity holder" of CFG Peru, and it concedes as much. *See* Motion ¶¶ 28, 37 (stating that it is "the indirect corporate entity just upstream of CFG Peru in the vertical corporate structure" and "indirect 100% shareholder of CFG Peru").

7

is an "elastic" concept and that the "listing of examples of parties in interest in Code Section 1109 is not meant to exclude other types of interested parties from the purview of that section."). "The general theory behind [section 1109] is that anyone holding a direct financial stake in the outcome of the case should have an opportunity . . . to participate in the adjudication of any issue that may ultimately shape the disposition of his or her interest.'" *Savage & Assocs., P.C. v. K & L Gates LLP (In re Teligent, Inc.)*, 640 F.3d 53, 60 (2d Cir. 2011) (*quoting* Alan Resnick & Henry J. Sommer, 7 COLLIER ON BANKRUPTCY ¶ 1109.01 (16th ed. 2011)). Thus, a party will qualify as a "party in interest" under section 1109 when it has a direct financial stake in the proceeding in which it seeks to be heard. *See, e.g.*, *Church Mut. Ins. Co. v. Am. Home Assurance Co. (In re Heating Oil Partners, LP)*, 422 F.App'x 15, 17 (2d Cir. 2011) (finding that debtor's insurer was a party-in-interest with standing to seek a declaratory judgment that default judgment against the debtor and debtor's successor in interest was obtained in violation of the automatic stay and *void ab initio* because the insurer had a "personal stake in whether the default judgment is void" since it was required to pay out on the judgment under the debtor's insurance coverage); *In re Johns-Manville Corp.*, 36 B.R. at 749 (holding that future asbestos claimants were parties in interest under 11 U.S.C. § 1109 because the debtor's reorganization had a "direct impact" on those claimants); *In re Stone Barn Manhattan LLC*, 405 B.R. 68, 74 (Bankr. S.D.N.Y. 2009) (concluding that the BH S&B debtors and their creditors committee were parties in interest with standing to object to a settlement between the Stone Barn debtors and lessor GECC because the BH S&B estates "have a direct interest in the escrow account from which the Settlement is proposed to be funded.").

CFGL contends that it is a party in interest because (i) it was one of the entities over which the JPLs were directly appointed, (ii) it is an indirect 100% shareholder of CFG Peru, and

(iii) it was "directly damaged" as a result of the appointment of the JPLs. *See* CFGL Reply ¶ 1. The Court is not persuaded. First, as an indirect shareholder, CFGL, in effect, concedes that any stake it may have in the outcome of the Adversary Proceeding is, as a factual and structural matter, conditional and indirect. Indeed, the outcome of the litigation may have no impact at all on CFGL and the other Debtors who are above CFGL in the capital structure if recoveries to creditors of the Peruvian Opcos do not leave any residual value to be upstreamed to CFG Peru's equity holders. Second, that CFGL was one of the entities over which the JPLs were appointed does not, without more, give rise to a direct pecuniary interest in the claims asserted against HSBC, and to be sure, CFGL did not and could not articulate any such nexus. Finally, CFGL's contention that it was "directly damaged" by HSBC's actions plainly contradicts its repeated statements and position that it is "not looking to assert new claims against HSBC" (Motion ¶ 52), but rather seeks to "join and adopt all claims asserted by the Trustee in the Trustee Complaint." (Motion ¶ 2). *See also* CFGL Reply ¶ 7 ("CFGL does not seek to modify or present any causes of action that are factually or legally distinct from those asserted in the Trustee's Complaint."). Instead, it is clear from the record of these cases and the parties' pleadings that CFGL's interest in the adversary proceeding is indirect at best, and simply too inchoate to constitute a "sufficient stake" for purposes of being designated a "party-in-interest" under section 1109(b) of the Bankruptcy Code. Accordingly, CFGL cannot intervene in this adversary proceeding as of right under Federal Rule 24(a)(1).

*Intervention as of Right:  Fed. R. Civ. P. 24(a)(2)*

> Federal Rule 24(a)(2) provides for intervention as of right by a party who
> 
> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

9

Fed. R. Civ. P. 24(a)(2).  To intervene under this rule, the "applicant must (i) file timely, (ii) demonstrate an interest in the action, (iii) show an impairment of that interest from an unfavorable disposition, and (iv) have an interest not otherwise adequately protected.  *United States v. State of New York*, 820 F.2d 554, 556 (2d Cir. 1984) (citing *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F2d 871, 874 (2d Cir. 1984)).  "Failure to satisfy any one of these requirements is sufficient grounds to deny the application." *Id.* at 556 (citation omitted); *accord United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994) ("The intervention application will be denied unless all four requirements are met.").  The Trustee and HSBC contend that CFGL is not entitled to intervene as of right in this adversary proceeding because its interest in this litigation is adequately protected by the Trustee, and CFGL cannot establish otherwise.  *See, e.g.*, Trustee Objection ¶ 10; HSBC Objection ¶¶ 17-20.  The Court agrees.

In this Circuit, "[w]hile the burden to demonstrate inadequacy of representation is generally speaking 'minimal,' . . . we have demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective[.]" *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (citations omitted).  The Trustee is the Court appointed fiduciary of CFG Peru.  As such, he has "the duty to maximize the value of the estate," and his fiduciary duty "runs to the shareholders as well as to creditors." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985).  *See also In re Kazis*, 257 B.R. 112, 114 (Bankr. D. Mass. 2001) (explaining that chapter 7 trustee "should . . . take into account the Debtor's equity within his consideration of the entire case"); *ASARCO Inc. v. Elliott Mgmt. (In re ASARCO, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011) (stating, in the context of a section 363 sale, that the debtor or trustee must satisfy its "fiduciary

10

duty to the debtor, creditors, and equity holders" in articulating a business justification for the sale) (citation omitted). Where, as here, there is an identity of interest between the existing litigant and the party seeking to intervene in the litigation, there is a presumption that the party already in the action is adequately representing the interests of the putative intervenor. *See Sequa Corp.*, 250 F.3d at 179-180. To rebut that presumption, the intervening movant must "provide evidence of collusion, adversity of interest, nonfeasance or incompetence." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 550 B.R. 241, 254 (Bankr. S.D.N.Y. 2016) (citations omitted).

CFGL has not met its burden of overcoming the presumption that the Trustee is adequately representing the interests of CFGL in pursuing its claims against HSBC. CFGL asserts that because the Trustee represents only CFG Peru, "he may be less incentivized to proceed with the Adversary Proceedings" to the extent that he is successful in selling the Peruvian Business. *See* Motion ¶ 46; CFGL Reply ¶ 2. There is nothing in the record in support of that contention and the Trustee has not cited to any support. Nor has the Trustee presented any evidence of "collusion, adversity of interest, nonfeasance or incompetence" on the part of the Trustee. Moreover, the Trustee's actions thus far—for example, pursuing prelitigation discovery against HSBC under Bankruptcy Rule 2004—demonstrates that he is sufficiently motivated to "litigate vigorously and to present all colorable contentions" in this adversary proceeding. *See Madoff*, 550 B.R. at 254. As such, CFGL has not met its burden of proof. The Court denies CFGL's request for relief under Federal Rule 24(a)(2).

*Permissive Intervention: Fed. R. Civ. P. 24(b)(1)*

As relevant, Federal Rule 24(b) states that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common

11

question of fact or law." Fed. R. Civ. P. 24(b)(1)(B). "A court's application of Rule 24(b) is discretionary – *i.e.*, the court may use its own discretion in determining whether permissive intervention is appropriate for a specific party." *Doral Center, Inc. v. Ionosphere Clubs, Inc. (In re Ionosphere Clubs, Inc.)*, 101 B.R. 844, 853-54 (Bankr. S.D.N.Y. 1989) (citation omitted). In exercising that discretion, courts will not permit a party to intervene in an action where "(1) the intervenor's interests are already adequately represented and (2) intervention would result in undue delay or prejudice to the original parties." *Id.* at 853 (quotations omitted). As discussed above, the Court concludes that CFGL's interests in this action are already adequately represented by the Trustee in the prosecution of these claims. Therefore, the Court denies CFGL's request to intervene in this adversary proceeding pursuant to Federal Rule 24(b)(1)(B).

## CONCLUSION

Based upon the foregoing, the Motion is DENIED.

It is SO ORDERED.


Dated: New York, New York
      December 27, 2018                                /s/ *James L. Garrity, Jr.*
                                                                  Honorable James L. Garrity, Jr.
                                                                  United States Bankruptcy Judge